## JOHNSON v. LYON et al.

1. EQUITY: JUDGMENT AT LAW. To justify a court of equity in interfering with a judgment at law the evidence should make it appear clearly and unequivocally that such judgment was fraudulently and wrongfully obtained, without negligence or fault on the part of the judgment defendant.

*Appeal from Johnson District Court.*

TUESDAY, JANUARY 6.

LYMAN ALLEN and W. L. Allen, with the complainant, executed to the respondent Lyon their joint promissory note for $750.50, payable in one year from date, &c. As collateral to this note the Allens gave a mortgage on a certain lot in Iowa city. After maturity Lyon brought suit on the note and mortgage, making the Allens and Johnson defendants.

Clarke & Henley filed a demurrer to the petition in behalf of the defendants, as their attorneys, which, being overruled, judgment, by consent of parties, was rendered in favor of Lyon, and against all of the defendants, for the sum of $612.62, with an order of sale of the mortgaged premises, and an order for a general execution to issue to make up any deficiency in case the property did not sell for sufficient to pay the judgment. Under this decree the mortgaged property was sold for $96. A general execution was issued, and the complainant filed this bill to stay all proceedings thereunder.

In his petition the complainant alleges that the note was given in fact for a loan, by Lyon to the Allens, of $600, and that the balance included usury, and that he was merely a surety. The complainant further alleges that he became informed of the fact that the contract was usurious after suit was commenced thereon; that he was about to interpose the plea of usury when Lyon made an agreement with him " that if the defense of usury was withheld, and

Allens allowed a full judgment to go against them, that Lyon should dismiss the suit as to Johnson, and discharge him from further liability thereon;" that Lyon requested Judge Miller, who was then acting as attorney for Lyon, to take the course agreed on and dismiss the cause as to Johnson; that Allens acceded to this agreement; that Johnson did inform Miller of the agreement, and was assured by him that the same would be complied with, and, relying upon the promises of Lyon, he gave the case no further attention; that he had no attorney to appear for him; that no one was authorized to appear or consent to any order of the court for him. The prayer follows that the judgment be set aside and the case opened, and that complainant have leave to defend.

Lyon answers, denying positively any agreement or understanding whatever to dismiss the suit as to Johnson, or to release him from the note, made with either the Allens or Johnson, but alleges that Johnson did appear and assent to the judgment. The complainant alleges that the agreement with Lyon was made at the October term, 1858, and the demurrer was not disposed of or judgment rendered until the January term following. The Allens are not claimed to be insolvent. The complainant in the original petition admits that there is yet a certain amount due to Lyon on the note. After the deposition of Lyon was taken, the complainant filed an amended petition, setting up a tender of the amount due Lyon, exclusive of the usurious interest.

The cause was referred. The referee, after taking the evidence, reported in favor of the complainant.

A motion by defendant to set aside this report being overruled. Lyon appeals.

*Clark & Bro.* for the appellant.

*Edmonds & Ransom* for the appellee.

BALDWIN, C. J.— The complainant asks that the judgment may be set aside as against him, and that he be permitted to interpose his plea of usury upon two grounds: First, That the respondent, Lyon, agreed that the cause should be dismissed as to him, and acting upon this agreement, he paid no further attention to the cause; that the judgment was in violation of this agreement and a fraud upon his rights. Second. That he never employed Clark & Henley, or any one else, to appear for him in said cause, and that the judgment, by consent, was without authority, and should, therefore, be set aside.

The finding of the referee is, that "Johnson had employed no attorney in the case brought by Lyon; that he had supposed that he was released from any further liability on said note by a conversation he had had with Lyon in regard thereto; and acting upon such supposed agreement, failed to put in the defense of usury to said claim, upon the supposition that judgment was only to be rendered against the Allens."

It will be observed that the referee does not find that Lyon ever made the alleged agreement, but that complainant supposed it was made, and upon this supposition he failed, in the proceeding against him, to interpose his defense; and it is upon this supposed understanding that the Court directed the judgment to be set aside. The complainant, by his amended petition, concedes the fact that this judgment was right in part, that he was liable on the note, that Lyon was entitled to recover thereon except so far as the usurious interest was concerned.

The complainant was therefore not entitled to have this judgment set aside, unless he failed to interpose his defense on account of the alleged understanding between him and Lyon. The question then properly arises whether the evidence establishes the fact that complainant had good reason to believe that such an understanding existed.

The order to justify a court of equity in interfering with a judgment at law, the evidence should make it appear clearly and unequivocally that such judgment was wrongfully and fraudulently obtained.

In *Campbell* v. *Morrison*, 7 Paige, 1857, the Court says: "It must be a very special case when Courts of Chancery will relieve a party against whom a judgment is had who had a perfect defense at law."

Justice BROWNSON, in *Vilas & Bacon* v. *Jones & Piercy*, 1 Com., 281, says: "When a party goes into a Court of Chancery, after a trial at law, he must be able to impeach the justice and equity of the verdict; and it must be upon grounds that either could not be made available to him at law, or which he was prevented from setting up by fraud, accident or the wrongful act of the other party, without any negligence or other fault on his part."

The burden of proof is with the complainant, and, before he can be entitled to relief, he must fully establish what he alleges to be true. Lyon, in his answer, as well as in his deposition, denies that any such agreement was ever made. Judge Miller testifies that he has no recollection of the complainant ever speaking to him on the subject or advising him' of the alleged understanding between him and Lyon. The only evidence introduced tending to establish the alleged agreement is that of the complainant alone. The evidence of Lyman Allen does not tend to prove the fact that Lyon admitted that such was the agreement, as this testimony refers to a conversation before suit was commenced. The complainant refers in his deposition to a conversation before the suit, in which it is claimed that Lyon should have stated that he (Johnson) need have no further trouble, as the lot mortgaged was sufficient security for the balance of the debt, but the alleged agreement was made after the suit was commenced and in consideration of the promise made by the complainant that he would not plead usury.

The testimony of Allen does not, therefore, establish the fact that Lyon admitted any understanding with complainant after suit was commenced, but that such admission related to a conversation altogether different from that upon which complainant now rests his case.

The complainant's evidence alone is all that tends to show that he had reason to suppose the suit would be dismissed. This is met by the testimony of Lyon and his attorney. It is, therefore, not clearly established that the complainant had good reason for believing the suit would be dismissed as to him.

We do not propose to refer in detail to the evidence tending to contradict the record entry that the defendants appeared by their attorneys, and that judgment was rendered by consent of parties, &c.

The complainant was duly served with notice of the pendency of the suit against him, and without an appearance, Lyon was entitled to his judgment. The action of the attorneys in consenting to a judgment, with a stay of nine months, could not in anywise prejudice his rights.

Failing, therefore, to establish the fact that there was good cause for the complainant to believe that the suit as to him was to be dismissed, the report of the referee should have been set aside.

Reversed.