A. J. CHAMBERS v. ELIZABETH GALLUP ET AL.

Decided November 15, 1902.

**Judgment—Default—Action to Set Aside—Merits Must Be Shown.**

Where a judgment recited that the defendant, though not cited, had filed an answer in the case, but failed to appear at the trial in person or by attorney, and judgment was thereupon entered against him for the amount of the debt evidenced by the written instrument sued on, such judgment was valid on its face, and in an action to set it aside a petition, duly sworn to, alleging that the filing of the answer by the attorney was without authority, but failing to allege a meritorious defense to the cause of action, was insufficient to warrant such relief.

Appeal from the District Court of Tarrant County. Tried below before Hon. M. E. Smith.

*R. E. Beckham* and *Rob't G. Johnson,* for appellant.

*Q. T. Moreland,* for appellee.

HUNTER, Associate Justice.—This was a suit filed by appellant on the 5th day of October, 1901, in one of the district courts of Tarrant County, to set aside a judgment and decree of said court rendered on the 6th day of February, 1899, wherein Elizabeth Gallup recovered $2061.89 against the appellant and one R. Chambers, with foreclosure of a mortgage lien on certain lots of land in the city of Fort Worth. The judgment sought to be annulled reads as follows: "This cause this day coming on for trial, plaintiff announced ready. The defendant, R. Chambers, though duly cited and having filed answer, came neither in person nor by attorney, and the defendant, A. J. Chambers, though not cited, filed answer, but came not in person nor by attorney. A jury having been waived, the matters of fact as well as of law were submitted to the court. The court having heard the evidence, plaintiff's claim being evidenced by instrument in writing for $1600, dated December 5, 1895, and being fully advised in the premises, is of the opinion that plaintiff ought to recover. It is therefore ordered, adjudged, and decreed that plaintiffs do have and recover of and from the defendants, R. Chambers and A. J. Chambers, Jr., and each of them, the sum of $2061.89," etc.

Plaintiff alleged as grounds for setting aside said judgment that the recital therein contained that he filed answer was not true; that the document styled "defendant's original answer," filed in said cause January 10, 1899, was not signed by plaintiff herein, nor by anyone thereunto authorized by him, and that he has never in any manner authorized or confirmed the act of the attorney who filed said answer; that he was never served with citation in said cause, and never accepted service therein. Then followed a prayer that said judgment be annulled and set aside. The petition was sworn to by appellant.

The defendant Mrs. Gallup filed special exceptions to the petition upon the grounds that it showed no cause of action, in that it failed to show that (1) the debt adjudged against plaintiff was not due by plaintiff; (2) it fails to show any defense to the action, or that if he had appeared therein a different judgment might have been rendered; (3) it gives no reason why he did not move for a new trial during the term, or appeal or sue out a writ of error; (4) nor is it shown that he was deprived of making a defense by the unauthorized appearance made by the attorney for him; (5) nor does it show that the judgment is or was unjust in any particular, or that he could reduce it on another trial. The court sustained said exceptions, and the plaintiff declining to amend, his suit was dismissed and thereupon this appeal was taken.

The contention of appellant is that the judgment is void as against him because the court had never acquired jurisdiction over his person, and being absolutely void as against him, it was not necessary to allege that he had a defense against the claim recovered on, or show any other equities whatever.

The judgment complained of is good and valid on its face, as it shows that the appellant "though not cited, filed answer." This is an affirmative recital showing that the court rendering the judgment had acquired jurisdiction over the person of appellant,—such would have been the presumption in favor of the judgment though it had been silent on the subject. It is not "absolutely void," but absolutely valid in a court of law, because, at law, it imported "absolute verity," and it can not be collaterally attacked or impeached in any court of law or equity. In order to show its invalidity it is necessary to go into a court of equity and by direct proceeding against the parties to it show its invalidity, how and in what way the complainant is injured thereby, and some good reason why it ought to be reopened or set aside. Courts are instituted not to discuss and deliberate on the abstract rights of individuals, but to redress wrongs and injuries when shown to exist. What wrong or injury has the appellant suffered by the judgment complained of? He shows none whatever. The violation of an abstract right is not cognizable in any court, much less in a court of equity, unless injury and damages are alleged and proved to have resulted therefrom.

In the case of Sharp v. Schmidt, 62 Texas, 265, Chief Justice Willie said: "It is fully established by our own decisions, 'that notwithstanding an illegal writ or service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be different from that already reached.' Schleicher v. Markward, 61 Texas, 103; Kitchen v. Crawford, 13 Texas, 516. To make this appear the petition should aver matters which amount to a good defense to the original action. The nature of the defense must be given, so that the court for itself may determine the conclusion of law as to whether or not it is a good defense, and would produce a different result if proved upon another trial. The plaintiff's oath to such a conclusion is not sufficient."

In the case of Wiley v. Pratt, 23 Indiana, 635, the Supreme Court of that State say: "While, however, a party is permitted to controvert the authority of the attorney to appear for him when he was without the jurisdiction of the court rendering the judgment, and upon establishing the fact that the appearance was unauthorized, is relieved from the enforcement of the judgment, this relief will not be granted when the defendant was within the jurisdiction of the court, and an unauthorized appearance has been entered for him by counsel, unless he can establish a defense on the merits to the cause of action in which the judgment was rendered." See this case for further discussion of the question, as well as for numerous authorities.

See, also, Bryant v. Williams, 21 Iowa, 329; Russell v. Potowatomie, 29 Iowa, 256; Johnson v. Lyon, 14 Iowa, 431; Garrison v. McGowan, 48 Cal., 600; Carpenter v. City of Oakland, 30 Cal., 447, 98 Cal., 247; Denton v. Noyes, 6 Johns., 296; Bunton v. Lyford, 37 N. H., 512.

Finding no error in the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.