## C. H. EARNEST v. B. G. GLASER.

### Decided May 2, 1903.

**1.—Citation by Publication—Tax Suit—Jurisdiction.**

In a suit for delinquent taxes against the unknown owners of certain land the citation was addressed to the sheriff and commanded him to summon by publicating the unknown owners of the land, describing it, "and you are noti-fied that suit has been brought by the State for such taxes, * * * and you are commanded to appear and defend such suit," etc. The statute requires the citation in such cases to be addressed to the owners of the land or those having or claiming an interest therein, and that it notify them that the suit has been brought and summon them to appear and defend. Held, that the citation was fatally defective, and the court without jurisdiction to render judgment for the taxes. Rev. Stats., art. 5232o.

**2.—Jurisdiction—Service of Citation—Collateral Attack.**

Where the service of citation is fatally defective and the record fails to show that the court found that it had jurisdiction, the judgment is subject to collateral attack for want of jurisdiction, since it is presumed in such case that the court acted on the service shown in the record.

Appeal from the District Court of Lubbock. Tried below before Hon. Jo A. P. Dickson.

*C. H. Earnest* and *Tarlton & Ayres,* for appellant.

*Beatty & McGee, L. S. Kinder,* and *Wm. J. Berne,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant was entitled to recover the section of land in controversy unless his right was cut off by the judgment through which appellee deraigned title, which was rendered on service by publication in a tax suit brought in the name of the State against the unknown owner. The validity of this judgment, which failed to recite service of citation or other jurisdictional fact, depended upon the sufficiency of the following citation and service:

"The State of Texas, in the name of the State of Texas and County of Lubbock: To the sheriff or any constable of Lubbock County, Greeting:

"You are hereby commanded that you summon, by making publication of this citation in some newspaper in the county of Lubbock (if there be a newspaper published therein, but if not, then in any newspaper published in the Fiftieth Judicial District, but if there be no news-paper published in said district, then in a newspaper published in the nearest district to said Fiftieth Judicial District) for three consecutive weeks previous to the return day thereof, unknown owners and all per-sons owning or having or claiming any interest in the following de-scribed land delinquent to the State of Texas, and the county of Lub-bock, for taxes, to wit: situated in the county of Lubbock and State of Texas, and known as abstract number 413, original grantee, H. E. & W. T. R. R. Co., certificate number 670, patentee, Stephen S. Charles, quantity, 640 acres, class, scrip, date of patent, May 1, 1880, No. 1, vol.

58, survey number 25, block E, number of acres assessed, 640; number of acres delinquent, 640, which said land is delinquent for taxes for the following amounts: Nineteen 31-100 ($19.31) dollars, for State taxes, and thirty-one 70-100 ($31.70) dollars, for county taxes, and interest and penalties due thereon, and you are hereby notified that suit has been brought by the State for collection of said taxes, which suit is numbered on the docket of the District Court of said county, No. 111, and you are commanded to appear and defend such suit at the October term, 1899, of the District Court of Lubbock County, and State of Texas, to be begun and holden in the town of Lubbock in said county on the 2d day of October, at the courthouse thereof and show cause why judgment shall not be rendered condemning said land and ordering sale and foreclosure thereof for said taxes and costs of suit.

"Herein, fail not, and have you before said court, on the first day of the next term thereof, this writ with your return indorsed thereon showing how you have executed the same.

"Given under my hand and seal of said court, this 25th day of August, A. D. 1899. [Seal] J. B. Mobley, Clerk District Court Lubbock County, Texas.

"Sheriff's Return.—Came to hand the 26th day of August, A. D. 1889, at —— o'clock p. m., and executed by having this citation published in the Texan Press Leader, a newspaper published in the town of Plainview, Hale County, Texas, for three consecutive weeks, to wit, September 8, 15, 22, and I hereby attach a copy of said publication, and return this writ fully executed, this date. Returned 9-30, 1899. Eastin Wolfarth, Sheriff Lubbock County, Texas."

The principal objections made to this citation were (1) that the notice was not directed to "all persons owning or having or claiming any interest" in the land; (2) that it did not notify them that suit had been brought by the State for the collection of said taxes, and (3) that it did not command them to appear and defend such suit and show cause why judgment should not be rendered condemning said land and ordering it sold for the taxes and costs of suit, as provided in article 5232o, Revised Statutes.

On the contrary it was directed to the sheriff or any constable of Lubbock County, notified him that suit had been brought by the State for the collection of said taxes, and commanded him to appear and defend it and show cause why judgment should not be rendered condemning said land and ordering it sold for taxes and costs of suit.

The citation was substantially and fatally defective. The statute (article 5232o) prescribes a form of notice in such cases, and a substantial compliance therewith, in the absence of personal service, is essential to jurisdiction. Netzorg v. Geren, 62 S. W. Rep., 329. There is certainly nothing harsh or unreasonable in requiring the officer to follow the form thus given, and in requiring the intending bidder at tax sale to see that this has been done before he becomes a purchaser.

It is, however, insisted that the judgment in the tax suit was not void

on collateral attack. But we are of opinion that it was, since it appears affirmatively from the whole record taken together that the jurisdiction of the court had not attached.

The case is different from the leading one in this State of Treadway v. Eastburn, 57 Texas, 209, in which the judgment entry recited that the defendant had been "duly served with process," but is entirely analogous to Clark v. Thompson, 47 Ill., 25, in which the judgment entry was silent as to service. In that case, which was cited with approval in Treadway v. Eastburn, the following language was used, which clearly states the distinction: "It is, however, insisted that when a court of general jurisdiction has proceeded to adjudicate a cause, we must presume that the court had evidence that there was such service or appearance as confers jurisdiction of the person; that the question of jurisdiction is primary, and must first be determined. This is, no doubt, true in all collateral proceedings, but is liable to be rebutted. If the record shows service which is insufficent, and the record fails to show that the court found that it had jurisdiction, then the presumption is rebutted, and it must be held that the court acted upon the insufficient service. When a summons and return appear in the record, and there is no finding of the court from which it may be inferred that there was other service, or appearance, it will be presumed that the court acted upon the service which appears in the record."

The judgment is therefore reversed and here rendered for appellant for the land sued for and all costs.

*Reversed and rendered.*

Writ of error refused.