## COLLIN COUNTY NAT. BANK et al. v. McCALL HARDWARE CO.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 15, 1913. On Motion for Rehearing, Dec. 13, 1913.)

EXECUTION (§ 172*)—VACATION—SERVICE—EQUITABLE RELIEF.

In a suit to enjoin the execution of a judgment on the ground that there was no sufficient service on which to base it, complainant cannot recover in the absence of proof that it had a valid defense to the cause of action on which the judgment was based.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

Appeal from District Court, Montague County; C. F. Spencer, Judge.

Suit by the McCall Hardware Company against the Collin County National Bank and others. Judgment for complainant, and defendants appeal. Reversed and remanded.

Chambers & Cook, of Montague, for appellants. W. T. Russell, of Nocona, for appellee.

CONNER, C. J. This is an appeal from a judgment of the district court of Montague county enjoining the execution of a judgment of the justice court of precinct No. 1, Collin county, in favor of appellant and against the McCall Hardware Company, doing business in Montague county, and against the Collin County Grain Company for the sum of $77.18.

The ground of attack is that there has never been any service of citation which would give the justice court referred to ju-

risdiction over the persons of W. A. McCall and C. McCall, who alone compose the partnership doing business under the firm name of McCall Hardware Company.

The appellee firm offered in evidence a citation and constable's return of the justice court which is clearly insufficient to authorize the judgment, and C. McCall, one member of the firm, testified to the effect that he had never been served with a citation to answer the suit in the justice court, so far as he could remember. ·

We are of the opinion that the court erred as assigned in giving the peremptory instruction to the jury to find for appellees. It is true that, this being a direct attack, the judgment of the justice court may be shown to be void for want of any service of a sufficient citation, but in the case before us the justice court judgment recites that all parties defendant had been duly cited to answer the plaintiff's demand without referring to the citation upon which the recital rested. The judgment, therefore, is not void on its face, nor can it be said to be void on the face of the record as a whole, for it is only when the judgment is silent as to the fact of service that the inference may be indulged that the judgment rests upon a defective citation found in the record. See Treadway v. Eastburn, 57 Tex. 209; Clark v. Thompson, 47 Ill. 25, 95 Am. Dec. 457; Earnest v. Glaser, 32 Tex. Civ. App. 378, 74 S. W. 605; Martin v. Burns Walker & Co., 80 Tex. 676, 16 S. W. 1072; Foust v. Warren, 72 S. W. 404. The burden of proof rested upon appellees to affirmatively show the alleged want of service of citation, and this in our opinion was not so conclusively shown as to authorize the court to take the issue away from the jury. As we have seen, the mere production from the record of the justice court of an insufficient citation did not conclusively prove the want of service alleged, and there was no evidence that the defective citations offered by appellees were the only ones issued from the justice court. The evidence is likewise wholly silent as to whether service of citation had been had upon W. A. McCall, the other member of the appellee firm and who did not testify. The court therefore erred in giving the peremptory instruction.

For yet another reason we think the judgment of the district court must be reversed as appellant urges. There is no evidence whatever that the appellee firm has a defense to the cause of action upon which the judgment of the·justice court was based. They so alleged in their petition for injunction, doubtless recognizing that this was a material allegation; and, if the allegations relating to their defense were material, evidence in support thereof was likewise material for reasons heretofore given and which need not be here repeated. See Foust v. Warren, supra; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; Rumfield v. Neal, 46 S. W. 262; Delaware Ins. Co. v. Hutto, 159 S. W. 73.

We conclude that the judgment should be reversed, and the cause remanded, and it is so ordered.

### On Motion for Rehearing.

On the motion for rehearing our attention has been called to the fact that appellant in its original answer admitted that the judgment in controversy was based upon the defective citations offered in evidence. This fact had been noticed upon original consideration, but we overlooked the fact that appellant's general denial, part of the same answer, was a qualified one. In our original opinion we proceeded upon the theory that the service upon which the judgment rested had been put in issue by the general denial, notwithstanding the admission in the special answer; but, as stated, we find the general denial qualified in such way as to give effect to the admission in appellant's answer. We therefore were in error in reversing the judgment on the ground that the evidence of a want of service failed to justify the peremptory instruction. This, however, we think is immaterial in view of the second ground upon which the reversal of the judgment was predicated as to the necessity of appellee firm showing that they had a valid defense to the judgment, as announced in our original opinion. We see no reason to change the conclusion there announced.

The motion for rehearing is accordingly overruled.