McKENZIE v. CONNERY et al.†

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 22, 1913. Rehearing Denied Jan. 10, 1914.)

JUDGMENT (§ 407*)—EQUITABLE RELIEF—PETITION.

The petition in a suit by M. against C. and others in the nature of a bill of review to set aside a judgment for C. in an action by him against M. and such others and the judgment over for such others against M. is subject to general demurrer; it relying on matters known of by M. at the time of, but not alleged in, his unverified motion for new trial in the original action, which was denied, namely, an agreement for continuance and perjured testimony, and giving no reason why they were not there set up; and alleging no reason for vacation of the judgment over, other than a defense

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

to the action of C., except that M. was not served with notice, prior to the judgment, that such plea over had been filed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 768–771, 773, 774; Dec. Dig. § 407.*]

Error to District Court, Tarrant County; Marvin H. Brown, Judge.

Suit in the nature of a bill of review by J. M. McKenzie against C. W. Connery and others. Suit dismissed, and complainant brings error. Affirmed.

Goree & Turner, of Ft. Worth, for plaintiff in error. Wray & Mayer, of Ft. Worth, for defendants in error.

DUNKLIN, J. J. M. McKenzie instituted this suit against C. W. Connery, N. C. Mann, J. R. Morris, and L. P. Powell in the nature of a bill of review to set aside a judgment rendered in a former suit in favor of Connery against McKenzie, Mann, Morris, and Powell for the sum of $1,682.40, and in which suit judgment was also rendered in favor of Mann, Morris, and Powell over against McKenzie for $1,500 of said amount, and in favor of Mann alone for the difference between the sum last mentioned and the amount of the judgment in Connery's favor. A general demurrer was sustained to the plaintiff's petition, and he having declined to amend, the suit was dismissed, and from that judgment McKenzie has prosecuted this writ of error.

According to the allegations in the petition, the former suit was instituted by Connery to recover of McKenzie, Mann, Morris, and Powell the value of a stock of drugs which had been levied on at McKenzie's instance and sold to satisfy a debt claimed by him against one Hickey. Mann was the constable who made the levy, and Morris and Powell were sureties upon his official bond. In that suit Connery claimed in his petition that the stock of goods belonged to him and not to Hickey, and the judgment rendered in his favor against McKenzie and the constable and his sureties was for the value of the goods; that judgment was rendered November 27, 1911, during the absence of McKenzie and his counsel, the suit having been instituted February 1, 1911, and McKenzie, through his attorney, C. Nugent, having filed his original answer, consisting of a general demurrer and general denial on February 11, 1911, and Mann, Morris, and Powell having filed their plea over against McKenzie on November 25, 1911; that suit was first called for trial at the March term, 1911, and was continued by operation of law. At the April term, 1911, it was agreed by and between Nugent, representing McKenzie, and Mayer, representing Connery, that the suit would not be tried in the absence of plaintiff, nor in the absence of Nugent or

McKenzie. In the negotiations terminating in this agreement, Mayer stated that Connery was absent in Europe and would not return until the first of the following year, and Nugent stated to Mayer that he was trying to dispose of all his cases in court in order that he might go to Stephenville. Prior to the rendition of the judgment, Nugent had removed from Ft. Worth to Stephenville, and McKenzie had employed C. R. Kinchen to represent him in the suit. Kinchen was informed of the agreement between Mayer and Nugent for the continuance of the case. On November 18, 1911, Kinchen and McKenzie were compelled to go to Gainesville to try a case there pending in court, and were compelled to remain there in attendance upon court until November 30, 1911, when they returned to Ft. Worth, and on the morning of December 1, 1911, they learned for the first time of the rendition of the judgment in favor of Connery. Immediately and on December 1, 1911, Kinchen filed a motion for McKenzie, asking for a new trial of the cause, which motion was upon December 2, 1911, presented to the court and overruled. The cross-plea by Mann and the sureties on his bond against McKenzie for a judgment over was filed only two days before the rendition of the judgment and during the absence of McKenzie and his attorney at Gainesville. McKenzie was never served with citation upon the cross-plea, and neither he nor his counsel had notice that it had been filed until December 1, 1911, when they learned of the judgment. McKenzie, Kinchen, and Nugent all relied upon the agreement made with Mayer that the case would not be tried during the absence of Connery or McKenzie, or his counsel, and, by reason of his reliance upon that agreement and the absence of McKenzie and his attorney at Gainesville, McKenzie was deprived of his day in court and the right to present his defenses to Connery's suit.

According to further allegations in the petition, the judgment in that suit in favor of Connery was based upon the testimony of Connery and witnesses procured by him, in effect, that the stock of goods was the property of Connery at the time of the levy and sale, and was worth $1,682.40, which testimony was false in that the goods were the property of D. C. Hickey, and were not worth exceeding $300 or $350; that Connery knew said testimony to be false at the time it was given, and gave and procured the same for the purpose of defrauding McKenzie and his codefendants in said suit.

According to further allegations in the petition, at the time of the levy upon said stock of drugs the same were in the possession of Hickey, who was carrying on a retail drug business in North Ft. Worth, and who was selling the same in due course of business conducted in his own name, and

who was sole manager with his name as a sign over the door of the store where the goods were exposed to sale, and the stock of goods was rendered for taxes in the name of Hickey. Connery, with full knowledge of the manner in which said business was carried on, acquiesced therein, and intended that the public should deal with Hickey as the owner of the goods.

The following were the only grounds upon which McKenzie relied to have the judgment set aside, as shown in his motion for new trial: "First. The principal defendant, J. M. McKenzie, nor his attorney, C. R. Kinchen, had any notice of the setting of said case for trial, and were both in Gainesville, Tex., engaged in the trial of an important litigation at the time of the setting and trial of this case in the district court of Tarrant county. Second. Defendants have a good and valid defense in said cause, in this: The plaintiff's pretended cause of action is based upon a levy made by the defendant Nace Mann, constable of precinct No. 1, Tarrant county, Tex., at the instance of J. M. McKenzie, who held a judgment against one D. C. Hickey for the sum of $———. And the property so levied on consisted of a stock of drugs, wares, and merchandise which, prior to and at the time of said levy, purported to be in the name of and owned by the said Hickey, and the defendants had no notice whatever of plaintiff having or owning any right or title whatever in said property, even the sign on the store and the label on the goods being in said Hickey's name, and the said Hickey having rendered said stock of goods for taxation in his own name. All of which defendants expect to and will prove upon a trial, if this judgment be set aside and a new trial granted them. Plaintiffs further say that the judgment for $1,682 against them is excessive in this that the goods levied on were not worth more than $290, and did not bring more than that amount when sold. Third. The defendant J. M. McKenzie had no notice of pleadings being filed in the case by the defendant Nace Mann asking for a judgment over against him for the amount sued for by the plaintiff C. W. Connery, and was surprised to learn that such a judgment had been rendered against him. Fourth. There has been no dereliction on the part of defendants or their attorneys in looking after their interests in this litigation, but the case has been on the docket of this court for a year or more, and the plaintiff had not heretofore made any effort to prosecute his said pretended cause of action or to have the same set down for trial until the defendants were absent from the court on important business, and were surprised to learn that the plaintiff had taken such an undue advantage of them."

The motion was not verified, and no affidavits were attached thereto in support of the truth of the allegations therein contained. When the motion for new trial was overruled, McKenzie gave notice of appeal to the Court of Civil Appeals, and by order of the court was granted 60 days' time from and after adjournment of the term within which to prepare and file bills of exception and statement of facts preparatory for such appeal, but no appeal or writ of error was prosecuted, and the petition fails to allege any reason why that was not done. This suit was instituted December 11, 1912, more than one year after the above-mentioned motion for new trial was overruled.

It will be noted that in the motion for new trial, which was not even verified, the agreement with Connery's counsel for a continuance of the case practically indefinitely was not alleged as a ground for granting a new trial, although that agreement was known to McKenzie and his counsel at the time the motion was filed. Nor was it alleged in that motion that the judgment was procured upon perjured testimony, and the petition filed by the plaintiff in the present suit fails to allege any reason for the absence from the motion of those two grounds for setting aside the judgment. The petition in the present case was filed in the same court that rendered judgment in the former suit, and it must be presumed that the two grounds last mentioned for granting a new trial, had they been properly presented in the motion for new trial, would have appealed to the court at that time as effectively as when presented to the same court in the present suit; and, if the same had then been improperly overruled, McKenzie might have appealed and obtained a reversal of the judgment. It will be further noted that, aside from the facts alleged to show a defense to Connery's suit against McKenzie, no facts are alleged as a reason for vacating the judgment on the plea over against McKenzie by his codefendants, except that he was not served with notice prior to the judgment that such plea had been filed. Clearly there was no error in sustaining the general demurrer to the petition. Caperton v. Winslow, 18 Tex. 132; Vardeman v. Edwards, 21 Tex. 737; Metzer v. Wendler, 35 Tex. 378; Bryorly v. Clarke, 48 Tex. 345; Johnson v. Templeton, 60 Tex. 239; Brownson v. Reynolds, 77 Tex. 256, 13 S. W. 986; Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; Avocato v. Dell'Ara, 91 S. W. 830; Kruegel v. Cobb, 124 S. W. 726; 23 Cyc. 983.

The judgment is affirmed.