ROUSER v. WRIGHT et al.   (No. 7587.)

(Court of Civil Appeals of Texas.   Galveston.
May 31, 1918.   Rehearing Denied Oct.
10, 1918.)

1. JUDGMENT ☞307 — FAILURE TO DISPOSE
OF ISSUE—AMENDMENT AT LATER TERM.

Where a judgment, through mistake of
court and counsel, did not dispose of an aban-
doned issue, the court may at a later term
amend the judgment and make it final.

2. TRIAL ☞143—PROVINCE OF JURY—PER-
EMPTORY INSTRUCTION—CONFLICTING EVI-
DENCE.

Where there was a decided conflict in the
testimony, the court properly refused to direct
a verdict because of preponderance of evidence.

3. APPEAL AND ERROR ☞1002 — REVIEW —
CONFLICTING EVIDENCE.

Where there is a decided conflict in the tes-
timony, the Court of Civil Appeals will not at-
tempt to resolve the conflict.

4. CONTRACTS ☞232(2)—IMPLIED PROMISE—
EXTRA WORK—BUILDINGS.

Where extra work is done on building, and
extra material furnished under agreed direction
and supervision of owner's architect, and pur-
suant to changes in plans and specifications
made at demand of, and by authority of, owner,
and where owner, upon completion of the work,
approved, accepted, and appropriated building
to her own use, the law will imply a promise
to compensate builder for the extra work and
material.

Appeal from District Court, Anderson
County.

Action by George A. Wright and another
against Mrs. Mattie Rouser, Crawford &
Hogue, and A. O. Watson, in which defend-
ants Crawford & Hogue filed cross-bills
against defendant Mrs. Mattie Rouser and
against defendant A. O. Watson, and defend-
ant Mrs. Mattie Rouser filed a cross-bill
against plaintiffs and defendants Crawford &
Hogue. Judgment for plaintiffs and for de-
fendants Crawford & Hogue against defend-
ant Mrs. Mattie Rouser, and for defendant
Mrs. Mattie Rouser against defendant A. O.
Watson, and defendant Mrs. Mattie Rouser
appeals. Affirmed.

Wilcox & Graves and Sansom & Metcalfe,
all of Georgetown, for appellant. B. H. Gard-
ner, of Palestine, P. W. Brown, of Ft. Worth,
and Campbell & Sewell, of Palestine, for ap-
pellees.

GRAVES, J.   Appellees Wright & Hearne,
who had been bondsmen for the contractors
Crawford & Hogue, on a contract the latter
made with appellant, Mrs. Rouser, for the
erection of a brick building under the super-
vision of her architect, Watson, at George-
town, Tex., sued all the others named to re-
cover amounts claimed to be due for labor
and material put into the building both by
Crawford & Hogue and themselves. They
charged there was a balance due Crawford
& Hogue upon the original contract price and
for extras the latter had furnished before
quitting the work; that Crawford & Hogue

had ceased work upon the building before its
entire completion, and, by mutual agreement
of all parties, they as their bondsmen had
taken in hand its completion, including the
tearing down of the roof the contractors had
put on and the building of a new one; that
they thus became subrogated to the rights of
the contractors as to all sums due them, and
also themselves directly furnished such addi-
tional work and material necessary for the
completion of the building. The main recov-
ery sought was against the owner of the
building, Mrs. Rouser; that against her ar-
chitect and the contractors, whose sureties
they had become, being contingent or inci-
dental.

Crawford & Hogue replied by answer and a
cross-bill each against Mrs. Rouser and her
architect, Watson; that against her being for
extra work and material alleged to have been
furnished by them before ceasing work upon
the building, while their claim against Wat-
son was for one-half the expense of putting
certain truss rods into the original roof built
by themselves. On the trial no proof was of-
fered upon this latter claim against Watson,
and it was so abandoned and lost sight of by
both counsel and court that in entering the
original judgment no disposition was made of
it. Likewise Mrs. Rouser, after otherwise
answering, filed a cross-action against the
contractors and the bondsmen for defective
work and material claimed to have gone into
the building, and in the alternative against
Watson for such damages as might be shown
to have resulted from any defects in plans
and specifications furnished her by him.

The cause having been submitted to, and
findings returned by, a jury, judgment was
rendered thereon in favor of Wright &
Hearne for $1,665.71, and in favor of Craw-
ford & Hogue for $294.26, respectively,
against Mrs. Rouser, and in her favor against
the architect, A. O. Watson, for $1,561.98;
but, as already stated, by oversight and mu-
tual mistake of all parties, including the
court, no disposition was made in the judg-
ment of the cross-action pleaded by Crawford
& Hogue against Watson, upon which they
had offered no proof.

Mrs. Rouser alone appealed from the judg-
ment originally entered, but the Court of
Civil Appeals at El Paso dismissed her ap-
peal, on the ground that no final judgment
below had been rendered because of the trial
court's failure to dispose of this cross-action
of the contractors against the architects.
Subsequently, and at a different term, upon a
hearing had on the motion of appellees
Wright & Hearne, at which all the parties in
interest, including Mrs. Rouser, appeared for
trial, she having specially answered the mo-
tion upon the facts, the trial court entered a
corrected and final judgment in the cause,
disposing of the cross-action of Crawford &
Hogue against Watson, but in no other re-

spect changing or amending it, thus leaving the original recoveries against Mrs. Rouser unaffected. Of that judgment, as so finally entered, she alone complains through her appeal now before this court, having named all the other parties to the suit as appellees.

Considering, first, the question raised as to the right of the trial court to so amend and thereby make final its judgment at a later term, we are not prepared to hold that authority wanting, under the conditions here shown. It is not contended that the correction or amendment made failed to reflect the true state of the record, or that it determined any issue not litigated at the original trial, but simply that the court was without power to enter it at a subsequent term.

In Young v. Pfeiffer, 30 S. W. 94, it is said:

"The judgment originally entered failed to dispose of the case as to one of the defendants, and therefore no appeal could be taken from it. The court clearly had power at a later term to enter a judgment that disposed of all the parties, which was done, and from the judgment so rendered the appeal was properly taken. Johnson v. Smith, 14 Tex. 412."

[1] We can see no difference in principle between that case and this. There the failure was to dispose of one of the parties, here one of the issues. Moreover, this record shows without dispute that such issue had in fact been eliminated by its abandonment, and, through mutual mistake of court and counsel for both sides, the mere recitation of that established fact had been omitted from the entry of the judgment as originally made. Under that view of what was actually done in this instance, the assignments attacking the court's action are overruled. See, also, Thompson v. Field, 164 S. W. 1115; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040.

Through appellant's first assignment complaint is made of the overruling of her general demurrer to the trial petition of appellees Wright & Hearne; but, after an examination of the pleadings, we conclude there were at least two respects in which they alleged a cause of action: First, that there was a balance properly due them under their relation to the original contract upon the agreed cost therein fixed for the building; second, that after they, Wright & Hearne, came into the matter, a new agreement entirely had been finally made by all parties interested, under which they were to tear down the old roof, construct another one, and complete the building in other details, upon such arrangement as to the extra cost over the original contract price as might be arranged between them and appellant's architect, Watson; that accordingly they did in fact take down the first roof, build a new one, and otherwise do further work upon the building, at the extra cost and of the reasonable value of $1,566.98 over the sum named in the original contract, which was all done under the architect's direction, not only at the instance and with the full knowledge and approval of Mrs. Rouser and her named architect, Watson, but, after being so done, was received and accepted by both. These allegations having stated a cause of action, it was not error to overrule the general demurrer.

Under the third assignment the action of the court in refusing to peremptorily instruct the jury to return a verdict for appellant is assailed upon the claim that the great preponderance of the evidence showed not only no obligation nor promise on her part to pay anything above the contract price, except a small excess in the foundation, but that she was entitled to $500 damages over against both the contractors and their bondsmen. It has been uniformly held that an assignment of this character presents nothing for review and cannot be considered. Speights v. Speights, 176 S. W. 641; Alexander v. Lumber Co., 154 S. W. 236; M., K. & T. Ry. Co. v. W. R. Patterson, 204 S. W. 1026, recently decided by this court, but not yet officially reported. If the assignment were considered, however, we should be compelled to find that there was sufficient evidence in the record to support a verdict against appellant, which conclusion would necessitate the overruling of the assignment.

[2, 3] A decided conflict occurred in the testimony as to whether appellant agreed to pay anything above the contract price for what Wright & Hearne did. She emphatically denied so obligating herself, while they positively asserted that she directed them to do as her architect said, and that they did so, putting into the building under his direction extra work and materials over the original contract price of the reasonable value of $1,566.98, which the architect received and accepted for her. In these circumstances, it was not improper for the trial court to refuse the requested peremptory instruction, nor would it be proper for this court to attempt to resolve the conflict.

The fourth assignment is not in effect different from the first and third considered together, its specification being that the court erred in refusing appellant's request for a peremptory instruction, on the alleged ground that there was, because of the contractual relation existing between her and the appellees, neither pleading nor evidence upon which a verdict or judgment against her could be based. Our preceding findings that, independent of the original contract between all the parties, which is the relation referred to in this assignment, a cause of action was alleged in appellees Wright & Hearne, and supported by their testimony that Mrs. Rouser authorized them to do as her architect, Watson, directed, thereby putting him in her place, meet the question here raised also, and require the overruling of the assignment.

The fifth and sixth assignments charge er-

ror in the court's refusal of appellant's motion to enter judgment for her, because it is said, there was no evidence that she knew additional pay over the original contract price for rebuilding the roof was expected by appellees Wright & Hearne, nor any to support the jury's finding that she had such knowledge, and none that she ever promised to pay them anything extra for such work. In further development of the idea thus presented it is then, in the seventh assignment, insisted the motion should have been granted, because no express agreement upon appellant's part to pay extra for the reconstructed roof was either pleaded or proved, and on account of the contract then existing between her and Wright & Hearne as bondsmen for the original contractors, Crawford & Hogue, obligating the bondsmen to place a good and sufficient roof on the building anyway, no implied contract to pay anything additional for the new roof could arise.

We are unable to agree to this contention, and overrule the assignment urging it. In the state of case presented by this record we think there was nothing to forbid an implied promise upon Mrs. Rouser's part to pay for extras or for new work done upon changed plans and specifications. To what has been before recited, it may be added the jury found, upon what we deem sufficient evidence, the following facts:

(1) The roof put on the building by Crawford & Hogue under the original contract, after being braced with some iron truss rods, was in accord with the plans and specifications of appellant's architect, Watson, and was accepted by him before they quit work upon the building.

(2) Although Mrs. Rouser herself refused to accept the roof as originally built by Crawford & Hogue, and objected to a change being made in it, afterwards appellees Wright & Hearne, under the direction of her architect, Watson, and with her own knowledge, consent, and approval, built to the satisfaction of herself and the architect, both in advance knowing that extra pay was expected for it, a comb or ridge roof upon the building, different from that called for in the original plans and specifications, and of the reasonable value of $1,566.98, which was duly accepted.

(3) Aside from so changing the roof, Wright & Hearne put further necessary work and material of the reasonable value of $988.50 into the completion of the building, substantially in accord with the plans and specifications and to the satisfaction of Mrs. Rouser and the architect, the latter knowing that pay outside of the original contract amount with Crawford & Hogue was expected therefor.

(4) The work done by Crawford & Hogue prior to quitting the contract, including the roof they put on the building, was done in substantial accord with the plans and specifications furnished them by the architect, and

there was left unpaid a difference of $279.14 between what had been paid to and assumed for them by Mrs. Rouser and the contract price, as well as $294.26 more for extra work and material furnished by them. While this balance of $279.14 due Crawford & Hogue upon their original contract might have been substantially reduced by further payments by Mrs. Rouser in completing the building of items which should properly be chargeable against them, still it was not entirely extinguished, unless the $500 damages found by the jury in Mrs. Rouser's favor for defective plans and specifications could also be construed as applying against them. Upon considerations hereinafter stated, however, we do not think it could. So that, leaving that item out of consideration for the present, under the results thus otherwise disclosed, there was at least some balance due by Mrs. Rouser within the terms of the original contract, and independent of extras, no matter by whom furnished. That being true, even though no recovery could be had outside the terms of the contract here for extra work, except upon express promise to pay for it, as appellant so ably contends, her motion to have judgment generally entered for her could not prevail.

[4] Recurring to the situation actually shown as to extra work and material, however, we think it plain that all essential facts for charging Mrs. Rouser with liability to pay for it were thus not only found by the jury, but upon sufficient evidence; there was testimony that the plans and specifications were changed at her demand and by her authority, with advance knowledge upon her part not only that increased cost would thereby necessarily be added, but that those incurring it would expect her to reimburse them; and that, after the extra work was done under these antecedent conditions, its progress throughout having been under the agreed direction and supervision of her own architect, she finally approved, accepted, and appropriated it to her own use and benefit. In such circumstances the law will imply a promise to compensate the builder. Corpus Juris, vol. 9, p. 840, footnote 27, and authorities there cited; Henderson Bridge Co. v. McGrath, 134 U. S. 260, 10 Sup. Ct. 730, 33 L. Ed. 934; A. & E. Ency. Law (2d Ed.) vol. 30, pp. 1281, 1283; Childress v. Smith, 37 S. W. at page 1080, 2d column.

What has been already said disposes of the issues raised under the seventh and eighth assignments, and separate detailed discussion becomes unnecessary. In answer, however, to the insistence made in the eighth assignment that the measure of damages could not exceed the difference between the cost of reconstructing a safe and substantial roof under the plans and specifications and that of the roof as actually constructed, in addition to the findings and conclusions previously stated, it may be added that the proof showed that no such roof could be built.

Under the ninth and thirteenth assign-

ments it is claimed Mrs. Rouser was entitled to have the $500 the jury awarded her because of defects in the plans and specifications charged against the contractors, Crawford & Hogue, and their bondsmen, Wright & Hearne, and when that is done the balance of accounts would be in her favor. We do not so interpret the jury's meaning. They had already repeatedly acquitted Crawford & Hogue of any failure to substantially comply with the plans and specifications furnished them by the architect, and, when the finding as to this $500 is compared with the others made, its manifest effect is, we think, that while Mrs. Rouser was damaged to the extent of the sum named it was because of the architect's dereliction in furnishing defective plans and specifications, and not because of the failure of Crawford & Hogue to erect and complete the building in accordance therewith.

There are other assignments, but, after carefully considering them all, we conclude that none of them are well taken, and that those specifically discussed present the controlling questions in the case. Finding no reversible error, it has been ordered that the judgment be affirmed.

Affirmed.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes