**WARD et al. v. VEALE et al.** (No. 10600.)

(Court of Civil Appeals of Texas. Fort Worth. May 12, 1923.)

1. **Pleading ⪪402—Petition omitting prayer for judgment cured by amended original petition supplying defect.**

A petition asking appointment of a receiver and an injunction, though insufficient to constitute a cause of action, is cured by an amended original petition praying that plaintiff's interests in the property be established and set apart to them.

2. **Appeal and error ⪪1036(3)—Nonjoinder of party plaintiff held harmless error.**

In a suit by the heirs of a community estate against the surviving husband to enjoin his extravagance and appoint a receiver, though the failure to join one heir as party plaintiff was fatal to the orders made, there would be no reversal, where a supplementary transcript was filed showing an amended petition joining such party, since a reversal would only result in same order on amended petition, especially where the orders were based on sufficient evidence.

**3. Husband and wife ☞273(12)—Evidence held sufficient to warrant injunction and a receiver of community estate.**

In a suit against the surviving spouse of a community estate by the heirs to enjoin the wasting of assets, proof that plaintiffs own in their own right all the lands formerly belonging to the community estate, unless partially precluded by a settlement, and have an interest in some of the assets deposited in defendant's name, that defendant had departed from his frugal habits and shrewd business management to become the victim of scheming sharpers, whom he still trusted, that he had spent $30,000 disentangling himself from a courtship following the death of his first wife and before marriage to his second, *held* sufficient to withstand motion to dissolve the injunction and set aside order appointing a receiver.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by Ida W. Veale and others against J. M. Ward and the Bank of Mineral Wells. From an order appointing a receiver of his property and another restraining the Bank from paying out deposit money or other personal property to defendant or his order, defendant Ward appeals. Affirmed.

Bouldin & Bell, of Mineral Wells, for appellant.

Penix, Miller & Perkins, of Mineral Wells, for appellees.

DUNKLIN, J. By this appeal J. M. Ward seeks a reversal of two orders, one appointing a receiver of his property, and the other restraining the Bank of Mineral Wells from paying out to him, or upon his order, any money on deposit in said bank to his credit, and also restraining said bank from delivering to him, or to any one else upon his order, any bonds, notes, warrants, or other personal property in its possession belonging to said appellant.

The suit was instituted by Mrs. Ida W. Veale and Mrs. Lilly B. Sloan, daughters of J. M. Ward, who, together with the Bank of Mineral Wells, were made defendants. It was alleged in the petition that plaintiffs and Joe Winston, a grandson of J. M. Ward, were part owners of the money on deposit with the defendant bank to the credit of J. M. Ward, aggregating approximately $44,000, and also certain notes, bonds, etc., standing in his name as owner, all of which belonged to the community estate of J. M. Ward and his deceased wife, Mrs. M. M. Ward, who was the mother of the plaintiffs and grandmother of Joe Winston, and her community interest in said property, had been inherited by plaintiffs and said Winston.

The petition contained further allegations to the effect that defendant Ward had recently married again; that his second wife exercised undue influence over him by means of which she had induced him to indulge in extravagant and wasteful expenditures of his means for her benefit; that shortly prior to the institution of the suit said Ward, together with his wife, had gone on an extended trip and at the time the suit was instituted they were then in Havana, Cuba, where J. M. Ward had fallen a victim to sharpers and swindlers, who had inveigled him into an agreement to put up the sum of $45,000 on a supposed horse race which had already been run in the city of New Orleans; that in order to consummate the agreement he had with those swindlers he had wired the defendant bank instructions to cable him at Havana the sum of $45,000, which would be wholly lost if that request should be complied with.

It was further alleged that prior to the death of his former wife, Mrs. M. M. Ward, which occurred in 1921, J. M. Ward had been a man of frugal habits, of sound and conservative business judgment, but that since her death he had spent his money extravagantly and had become an easy victim to designing persons; that he had reached the seventy-fifth year of his life and was no longer mentally capable of caring for and managing the property and funds to his credit in the defendant bank, which was of the proximate value of $285,000.

On that petition the writ of injunction prayed for against the defendant bank was forthwith issued, and a few days thereafter defendant's grandson, Joe Winston, was appointed receiver of all the assets in the defendant bank and vested with power to collect the notes, interest on bonds, etc., and he was also directed to pay over to defendant Ward a certain sum monthly for living expenses for himself and wife, which sum was later sufficiently increased to meet all of their needs.

Upon his return home, defendant Ward, through his counsel, filed a motion to dissolve the injunction and to vacate the receivership; said motion being embodied in his answer filed to the plaintiffs' original petition. That answer contained numerous exceptions to the sufficiency of the petition and also a denial, which was duly verified, of all of plaintiffs' allegations of extravagant expenditures, of undue influence exercised upon him, of his susceptibility to such influence, if attempted, of the mental incompetency to manage his business, and also of the allegations in plaintiffs' petition to the effect that he would have been swindled out of the $45,000 if the defendant bank had cabled the same to him. It was further alleged in the defendant's answer that he had made full settlement with the plaintiffs and his grandson, Joe Winston, for all of their interest in the community estate of himself and his former wife, Mrs. M. M. Ward, and

that all of the assets held by the defendant bank was his own separate property.

After that answer was filed, plaintiffs filed an amended original petition and also a supplemental petition in reply to allegations contained in the answer. In both the pleadings so filed the allegations in the original petition were repeated and amplified. There was a further allegation that certain real estate situated in the city of Mineral Wells was also a part of the community estate of defendant Ward and his former wife, Mrs. M. M. Ward, and that plaintiffs and Joe Winston had inherited a one-half interest therein. It was further alleged that at the time of the settlement with defendant Ward for their interest in the community estate of their mother they did not know of the fact, which they afterwards discovered, that prior to the death of their mother their father had deeded to her all of his community interest in several tracts of oil-bearing lands which are now yielding large revenues from oil royalties, and some of which royalties were included with the funds on deposit with the defendant bank. Plaintiffs further alleged that after their mother's death their father had deeded to them and Joe Winston the life estate in one-third of said land which he inherited from his former wife, and that plaintiffs did not know of that fact at the time of said settlement with their father, which was made upon the assumption that all of those lands belonged to the community estate of defendant Ward and his former wife, and that he was the owner of a one-half interest therein. By reason of those facts plaintiffs alleged that the settlement with their father was of no binding effect, and they strenuously resisted the application of the defendant for a dissolution of the injunction and also of the order appointing the receiver.

The application for a vacation of the orders granting the injunction and appointing Joe Winston receiver was heard after the filing of the amended original petition and plaintiffs' supplemental petition. Upon that hearing an order was made continuing the writ of injunction and also refusing to vacate the receivership, but the court removed Joe Winston as receiver and appointed W. O. Gross receiver in his stead, who was clothed with the same powers as were formerly vested in Winston. Gross then qualified as receiver by giving bond required and took charge of the property.

[1] The defendant Ward addressed numerous exceptions to the original petition, all of which were overruled. By one of the exceptions the point was made that the petition was insufficient, in that it contained no prayer for judgment on the merits of the suit, but was for no other purpose except the appointment of a receiver and the issuance of an injunction, which would not of themselves constitute a cause of action. That objection was removed by the plaintiffs' first amended original petition, in which they prayed that the interest of plaintiffs and Joe Winston in the property in controversy be established and set apart to them.

[2] The principal exception urged to the petition was the failure to make Joe Winston one of the parties to the suit, since he was equally interested with each of the two plaintiffs in the property in controversy. That defect in the original petition was not cured in the first amended petition filed after the defendant's answer was filed, and the court erred in overruling that exception. However, a supplemental transcript has been filed in this court on motion of the appellees, which supplement contains another amended petition filed in the trial court since the appeal was perfected. In that petition Joe Winston is joined as a plaintiff with Mrs. Veale and Mrs. Sloan, and it would be useless to reverse the judgment of the trial court and remand the cause merely for the purpose of making Joe Winston a party. If the exception had been sustained by the trial court, such a ruling would necessarily have vacated the order decreeing that a receiver be appointed and also the order granting a temporary writ of injunction. But it is quite apparent that, if the orders from which the appeal was prosecuted were vacated by this court merely for the lack of a necessary party to the suit when those orders were made, the same orders would be again made now, since that objection to the pleadings has been removed.

Another exception to the petition because the same did not sufficiently describe the property so as to be placed in the hands of a receiver has also been remedied in the petition last filed, which appears in the supplemental transcript.

[3] Upon the hearing of the application to dissolve the injunction and to vacate the receivership, evidence was heard, and after a careful consideration of the same, we cannot say that the trial court abused his discretion in making the orders complained of. The evidence so introduced tended to show that the plaintiffs now own in their own right all the lands which formerly belonged to the community estate of J. M. Ward and his deceased wife, unless they are precluded by the settlement made with them by their father for their interest in the community estate, and according to allegations in the petition, which are duly verified, they are not necessarily and wholly precluded from claiming such title by reason of that settlement. The evidence further tends to show that plaintiffs also have an interest in some of the assets on deposit to the credit of J. M. Ward in the defendant bank, which have been taken over by the receiver, and which the bank was enjoined from delivering to

any one else. And the testimony of J. M. Ward himself tends to show a radical departure from his former frugal habits and shrewd management of his property since the death of his first wife, in that he admitted on the stand that he paid out more than $30,000 to free himself from entanglements growing out of a courtship and marriage engagement with another lady after the death of his first wife, and before his marriage to his second wife. According to his further testimony, he still believes that, had he been permitted to withdraw from the defendant bank the $45,000 for which he wired in Cuba, he would not have lost it upon the alleged horse race, but would have made the profits thereon held out to him by the sharpers alleged in plaintiffs' petition. He further testified that after leaving Cuba those two persons had twice proposed to him to extend the time limit for him to put up the $45,000, and that he still has confidence in their honesty; in other words, his testimony tended to show that he was being duped by two sharpers, upon a scheme unreasonable and fraudulent on its face, and that even yet he has confidence in their honesty and truthfulness. If the injunction had not been granted, it is entirely probable that he would have lost the $45,000, and we cannot say that the granting of the injunction resulted in any injury to him, but rather a benefit.

Following the familiar rule that a court, in the exercise of equitable jurisdiction, will not perform a fruitless act merely to correct some violation of an abstract rule of law, it has been frequently held that a judgment against a defendant will not be set aside because of failure of the trial court to acquire jurisdiction over him by service of citation upon him, in the absence of a showing that he had a meritorious defense to plaintiffs' demand upon which the judgment was based. Some of those decisions are: Sharp v. Schmidt, 62 Tex. 265; Chambers v. Gallup, 30 Tex. Civ. App. 434, 70 S. W. 1009; Foust v. Warren (Tex. Civ. App.) 72 S. W. 404.

Furthermore, it was stated by counsel for both parties at the hearing of the present case that the merits of this controversy will be tried and determined by the trial court at an early date. In view of that fact, and of the evidence introduced upon the hearing in the trial court, and the fact that an allowance of $1,000 per month has been made by the court for the support of defendant and his wife, to be paid over to him by the receiver, and in view of the further fact that the principal defects in the original pleadings of the plaintiffs have now been remedied, and that it would be useless to remand the cause on account of those defects, all assignments of error are overruled, and the two orders from which the appeal was prosecuted are affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes