## O'QUINN. et al. v. HARRISON.

(Court of Civil Appeals of Texas. Galveston. March 13, 1925.)

1. **Pleading ⬤⇒419—Error, if any, in sustaining exception to pleading waived by plaintiffs' amending such pleading.**

Where plaintiffs, in response to court's ruling on special exceptions, amended their pleading, they thereby waived any right to complain of action of court in sustaining such special exceptions.

2. **Judgment ⬤⇒419—Judgment held to show on its face that legal service was had.**

Judgment which plaintiff seeks to have set aside *held* to show on its face that legal service was had on plaintiff, and hence was not void on its face, but valid until shown to be subject to some fatal infirmity in a direct proceeding.

3. **Judgment ⬤⇒307, 464—Court held authorized to adjudge at subsequent term that legal service was actually had, and to correct its records accordingly.**

Where judgment on its face showed that legal service was had, and sheriff testified that he had served all parties, but did not return writ into court, having failed to sign it at all, *held* that under Rev. St. art. 1879, court was empowered at a subsequent term, in action to set aside such judgment and with all interested parties before it, to adjudge that legal service had originally been made, and to correct its records accordingly.

Appeal from District Court, Wharton County; M. S. Munson, Judge.

Suit by V. E. O'Quinn and others against W. A. Harrison to have a default judgment entered against plaintiffs set aside. From a judgment refusing to set such judgment aside, plaintiffs appeal. Affirmed.

Sidney P. Chandler, of Corpus Christi, for appellants.

S. F. Rowan, of Wharton, for appellee.

GRAVES, J. Appellants sought in this cause to enjoin the issuance of execution upon, and to have set aside as being void, a default judgment obtained against them by appellee on May 1, 1923, in cause No. 7706 in the district court of Wharton county, on the ground that no service of citation therein had been obtained against them, or, if it

had, that no official return of the writ had ever been made. In their original petition in this proceeding they alleged in general terms, without specifying what it was, that they had a meritorious defense against the prior judgment, to which feature the trial court sustained a special exception. They then amended their petition, and, after a general demurrer and special exceptions to it from the appellee had been overruled, went to trial upon the merits; after a hearing upon the facts, the court dissolved a temporary injunction previously issued against the enforcement of the judgment in cause No. 7706, and refused to set same aside, from which action appellants prosecute this appeal.

Through several assignments of error the first contention presented in this court is that error was committed below in sustaining a special exception to the original petition of appellants in merely averring in general terms that they had a meritorious defense against the judgment attacked; it being argued that the judgment was void for lack of service of citation in that cause upon them, and that it was unnecessary for them to specify in particular what their defense against it was.

[1] Whatever may be the merits of this position when properly applied, a sufficient answer to it here is that appellants, in response to the court's ruling on the special exception, amended their pleading, set up in detail their claimed defense, and thereby waived any right they might have had to complain had they stood upon their general averments, as originally made. Ware v. Griner Heirs (Tex. Civ. App.) 26 S. W. 898; Barrett v. Independent Tel. Co. (Tex. Civ. App.) 65 S. W. 1128; San Antonio, etc., Ry. Co. v. S. A. & G. R. Co. (Tex. Civ. App.) 76 S. W. 782; Green v. Tate (Tex. Civ. App.) 69 S. W. 486; Apache Cotton Oil Co. v. Watkins & Kelley (Tex. Civ. App.) 189 S. W. 1083.

[2] It is next insisted that the judgment complained of was absolutely void because no legal service had been had on appellants; that this state of facts was shown upon the record in the cause; and that appellants were therefore entitled to attack it under any and all circumstances without the necessity of showing a defense thereto.

The trouble with this presentment is that it does not reflect what appeared upon the face of that judgment; its recital was directly to the contrary, as follows:

"Now on this the 1st day of May, 1923, came on to be heard the above entitled and numbered cause, and the plaintiff having appeared in person and by his attorney, and having announced ready for trial, and the defendants V. E. O'Quinn, D. W. O'Quinn, and W. H. Kellar each having been duly cited, having each failed to appear and answer in this behalf, but wholly made default; wherefore the said plaintiff W. A. Harrison sought to recover against the said defendants," etc.

It therefore was not void on its face, but entirely valid until and unless, in a direct proceeding with that objective, shown to be subject to some fatal infirmity, which was not done in this instance. Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009; Foust v. Warren (Tex. Cix. App.) 72 S. W. 404; Collin County Nat. Bank v. McCall Hardware Co. (Tex. Civ. App.) 161 S. W. 950.

It is true it was brought out in evidence here, under pleadings to that effect from the appellee, that the sheriff who had served the appellants with citation in the cause did not properly return the writ into court, having failed to sign it at all, as well as omitting one or more other requisites; but as a witness at this trial he testified that he had originally served all of the parties as the quoted provision from the judgment recites; there was other testimony also tending to the same conclusion, and in refusing to set the default judgment aside the trial court found that legal service had in fact originally been made, although the sheriff had through inadvertence failed to properly evidence that fact in his return upon the citation writ.

[3] That the court in such circumstances, at a subsequent term, with all the interested parties before it, had the power to so adjudge and to correct its records accordingly is well settled. R. S. art. 1879; Rouser v. Wright (Tex. Civ. App.) 205 S. W. 849 (writ of error denied); Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Thompson v. Field (Tex. Civ. App.) 164 S. W. 1115.

In this connection, although the judgment appealed from does not so show, both parties in their briefs state that the court below, after thus determining that proper service had been made but not so returned, directed Mr Kemp, who had been sheriff at the time, to make a nunc pro tunc amendment of his return on the citation, despite the fact that his term of office had in the meantime expired.

We regard this as an immaterial consideration, the substance of the matter being the finding of the court on the facts that actual service had been made, and hence do not decide whether it was proper to direct the amendment of the writ in that manner. No amendment at all was necessary in this instance; the court's adjudication that it should have originally shown the real action then taken being sufficient.

The cases cited by appellants as upholding their position are not analogous to this one; being instances of a review of the judgment complained against by an appeal or writ of error therefrom rather than of an independent action in equity to set it aside, as here. None of them hold that the court may not after judgment both determine on the facts what its former action had been and correct its records and process so as to so show; typical of them is Thomas v. Goodman, 25 Tex. Supp. 446, where, after the jurisdic-

tion of the appellate court had attached under writ of error, the sheriff individually undertook, while the trial court was not even in session, to amend a defective citation by an affidavit of his to the effect that service had been duly made. The court held that such acts could not be regarded as any part of the proceedings in the cause. Furthermore, the court here went into the merits of appellants' claim that they had a good defense against the recovery they sought to have nullified, and decided that issue too against them. After reviewing the statement of facts upon that feature, we are not prepared to hold that action erroneous. The situation of appellants would not therefore have been changed or bettered, if the court had vacated the former default judgment, and then in turn rendered another to the same purport against them in this new suit; as is said in Chambers v. Gallup, supra:

"Courts are instituted, not to discuss and deliberate on the abstract rights of individuals, but to redress wrongs and injuries, when shown to exist. * * * The violation of an abstract right is not cognizable in any court, much less in a court of equity, unless injury and damages are alleged and proved to have resulted therefrom." Ward v. Veale (Tex. Civ. App.) 253 S. W. 844(3).

From these conclusions it follows that the judgment should be affirmed; that order will be entered.

Affirmed.