UNKNOWN OWNER v. STATE OF TEXAS.

Decided April 17, 1909.

**1.—Tax Suit—Citation.**

The delinquent tax law of 1897 prescribed the form of citation in suits by the State against unknown owners for delinquent taxes, and in such special proceeding it is sufficient to follow the form prescribed; it is not required, there-fore, that such citation should state the file number of the suit, as provided by art. 1214, Rev. Stats., nor include a statement of the amount of costs, as given in the petition.

**2.—Same—Pleading.**

In a suit against an unknown owner for delinquent taxes, pleading considered, and held not subject to exception on the ground that it was not alleged that the tax collector had performed the duties prescribed by the Act of 1905.

**3.—Appeal—Assignment of Error.**

A single assignment of error to the trial court's action in overruling six special exceptions embracing different questions, is too general to require con-sideration.

**4.—Same—Bill of Exceptions.**

An assignment of error based upon the refusal of the trial court to hear evidence in support of appellant's motion to tax costs, will not be considered when the bill of exceptions to the action of the court fails to set out the evidence offered and excluded,

Appeal from the District Court of Martin County. Tried below before Hon. Jas. L. Shepherd.

*R. N. Grisham* and *J. B. Howard,* for appellant.

No brief for appellee.

CONNER, CHIEF JUSTICE.—This suit was brought by the State of Texas, acting through its county attorney, against the alleged "unknown owner" of lot six in block five in the town of Stanton, Martin County, for the sum of ten dollars and ninety-nine cents taxes and the further sum of twenty-six dollars and fifty cents penalty, interest and costs. The trial, which was before the court without a jury, resulted in a judgment in favor of the State with foreclosure of tax lien and order of sale as prayed for.

The objections urged to the citation in the first assignment are not maintainable. This was a special proceeding under the delinquent tax law of 1897, which prescribed the form of citation to be issued in cases of this character, and the citation in the record substantially conforms therewith. See section 15, Laws of 1897, page 132; State v. Unknown Owner, 47 Texas Civ. App., 188. It is not required therefore that the citation should have stated the file number of the suit, as provided by article 1214 of the Revised Statutes, or to have included a statement of the amount of costs as given in the petition, it being the rule that the special rather than the general law shall control. (Hash v. Ely, 45 Texas Civ. App. 259; Orrick v. City of Fort Worth, 52 Texas Civ. App., 308.)

The petition we think is in substantial compliance with the law and good as against a general demurrer. The objection pointed out, that it is not alleged that the tax collector had performed the duties prescribed by the Act of 1905, is entitled to no weight. This Act (see Gen. Laws 1905, page 317) has reference evidently to credits to which the tax collector is entitled for his lists of delinquent tax payers, as provided by Revised Statutes, article 5170, and not to the fees he is entitled to receive in suits, such as this, for the collection of taxes.

The assignment to the court's action in overruling special exceptions numbers 1, 2, 3, 4, 5 and 6, embracing different questions, is too general for consideration, and that complaining that the court refused to hear evidence in support of appellant's motion to tax the cost, must be overruled on the ground that the bill of exception fails to set out the evidence offered so that we may judge of its character.

There are numerous other assignments of error, some of them apparently presenting important questions, but they are such as can not be considered in the absence of a statement of facts and we, having on a former day struck out the statement of facts presented in this cause, must overrule them. No reversible error having been shown, we order an affirmance of the judgment.

*Affirmed.*