WHEAT v. WARD COUNTY WATER IM-
PROVEMENT DIST. NO. 2 et al.
(No. 1034.)

(Court of Civil Appeals of Texas.   El Paso.
Dec. 18, 1919.   On Motion for Re-
hearing, Jan. 15, 1920.)

1. JUDGMENT ⊚⟶143(2)—PARTY SEEKING TO
OPEN DEFAULT MUST SHOW EXCUSE AND GOOD
DEFENSE.

A party seeking to set aside a default judg-
ment must show not only that he was prevented
from presenting his defense at the proper time
by some cause unmixed with negligence on his
part, but that he has a good defense.

2. JUDGMENT ⊚⟶151—PARTY SEEKING TO OPEN
DEFAULT MUST SHOW PARTICULARS OF DE-
FENSE.

A party seeking to set aside a default judg-
ment must set out his defense with such particu-
larity that the trial and appellate courts may
know of what it consists.

3. WATERS AND WATER COURSES ⊚⟶231—NON-
IRRIGABILITY OF LAND NOT DEFENSE TO TAX
SUIT BY IRRIGATION DISTRICT.

Under Acts 35th Leg. (1917) c. 87 (Vernon's
Ann. Civ. St. Supp. 1918, arts. 5107—1 to 5107—
117), relative to water improvement districts,
which provides for a hearing and the exclusion
of nonirrigable lands, it is not a 'defense to a
delinquent tax suit after the organization of
the district, the issuance and sale of bonds, and
the making of tax assessments, that the lands
are nonirrigable.

4. JUDGMENT ⊚⟶151—ALLEGATION IN MOTION
TO OPEN DEFAULT INSUFFICIENT TO JUSTIFY
RELIEF.

An allegation in a motion to set aside a
default judgment in a water improvement dis-
trict's suit for taxes that the moving party be-
lieved the assessment and levy illegal and ex-
orbitant, without alleging facts showing that
it was illegal or exorbitant, was insufficient to
justify relief.

5. WATERS AND WATER COURSES ⊚⟶231—EVI-
DENCE IN IRRIGATION DISTRICT'S SUIT FOR
TAXES SUFFICIENT TO MAKE PRIMA FACIE
CASE.

In a water improvement district's suit for
delinquent taxes, evidence that the lands were
in the district, that defendants were record own-
ers, and evidence showing a proper tax levy, the
valuation of lands, and the tax rate, that the
tax was uniform, the amount of the tax, inter-
est, penalities, and costs, the time of the tax
levy and year for which made, and demand and
nonpayment, made a prima facie case.

On Motion for Rehearing.

6. WATERS AND WATER COURSES ⊚⟶231 —
CITATION IN SUIT BY IRRIGATION DISTRICT
FOR DELINQUENT TAXES.

Under Vernon's Ann. Civ. St. Supp. 1918,
art. 5107—46, requiring the process in suits for
delinquent taxes by water improvement dis-
tricts to be served as provided for suits of like
character, the citation is not governed by Ver-

non's Sayles' Ann. Civ. St. 1914, art. 1874, rel-
ative to suits in general, but by article 7698,
relative to suits for delinquent taxes, which
requires the citation to be directed to all per-
sons owning, having, or claiming any interest
instead of to the sheriff or constable.

7. WATERS AND WATER COURSES ⊚⟶231—CITA-
TION IN SUIT BY IRRIGATION DISTRICT FOR
DELINQUENT TAXES SUFFICIENT.

The citation in a water improvement dis-
trict's suit for delinquent taxes under Vernon's
Ann. Civ. St. Supp. 1918, art. 5107—46, need
not state the file number of the suit nor the date
of filing suit.

Appeal from District Court, Ward County;
Chas. Gibbs, Judge.

Action by the Ward County Water·Im-
provement District No. 2 against J. J. Wheat
and others.   From a judgment for plaintiff,
the defendant named appeals.   Affirmed.

Jno. B. Howard and Clay Cooke, both of
Pecos, for appellant.

John H. Boogher, of Grandfalls, and Gaines
& Corbett, of Bay City, for appellees.

WALTHALL, J.   Ward county water im-
provement district No. 2, appellee, brought
this suit in the district court of Ward Coun-
ty against J. J. Wheat, appellant, Henry
Lepp, J. L. Farley, People's Bank of De So-
to, Mo., Mrs. Louise F. Suddick, a feme sole,
and all unknown owners and all persons hav-
ing or claiming to have any interest in the
lands described, and praying judgment for
$1,759.26 due appellee on account of taxes
assessed on said lands and delinquent in
their payment, and for penalty, interest, and
costs, and for foreclosure of the tax lien on
said lands, order of sale, and writ of pos-
session in behalf of the purchaser thereunder.
Appellee is a water improvement district es-
tablished under chapter 87, Acts 35th Leg-
islature (Vernon's Ann. Civ. St. Supp. 1918,
arts. 5107—1 to 5107—117), at its regular ses-
sion, and laws in existence previous thereto.
A default judgment was rendered against all
of the defendants in the suit, and Wheat
alone appeals.   Wheat was duly served by
personal citation, was in personal attendance
at the term of court, filed an answer, but by
leave of the court his answer was withdrawn.
He made no further appearance in the case
until on the day following the default judg-
ment, when he filed a motion praying that the
"default judgment be set aside and held for
naught, and that a new trial be granted here-
in in order that this defendant may have his
day in court so that justice in accordance
with the law made and provided may be in
all things had."   The motion was duly verifi-
ed.   The court overruled the motion.

Appellant presents three assignments of
error.   The first and second are to the same
effect, and claim error in overruling the
motion.   The grounds, substantially, are that

the judgment was a default judgment; that appellant had never had his day in court; that his motion was verified and not contested, and showed that he had a meritorious and good defense to the cause of action, and that no laches or negligence upon his part appears. His propositions thereunder are to the effect that, where he not only shows a meritorious defense, but offers an excuse for his default in filing an answer, and his default is not inexcusable, the default should be set aside, and a new trial granted. As appellant's motion presents the entire record from appellant's view point, both as to why he was not present when the case was regularly called and filed no answer and the defense he suggests he has to the cause of action, we here copy the motion:

"Comes now the defendant J. J. Wheat in the above entitled and numbered cause, and moves the court to set aside the default judgment heretofore rendered in this cause on the 10th day of June, 1919, for the following good and sufficient reasons, to wit:

"(1) Because this defendant has not had his day in court as is guaranteed him under the Constitution and under the laws of the state of Texas, and that he believes and has reason to believe, and has been informed by competent attorneys, that he has a good and valid defense to the cause of action.

"(2) That for further showing he would allege and show unto the Court that heretofore and prior to the appearance day of this court, and after he was served with citation in this cause, he immediately employed counsel in the person of H. G. Russell, a practicing attorney at the bar of this court, and who resides in Barstow, Ward county, Tex., and made satisfactory arrangements with said H. G. Russell to defend said suit in this court, and that, pursuant to said agreement with said Russell, on, to wit, June 2d, being appearance day of the present term of this court, filed his answer for and on behalf of this defendant in this cause, and that, by reason of certain conditions over which this defendant had no control, this cause, as well as other causes, was passed by the court on the docket of the court for a later date of the term of the court; that after such time his said attorney, H. G. Russell, informed him that this cause had been passed, or continued, until the December term of this court, and that he need not further appear herein; that at a later date the said Russell informed him that by reason of certain circumstances and conditions he would be unable to further represent him in this cause, and suggested that he, the said defendant, should procure other counsel, but that he would have until the next term of this court to do so.

"(3) Your defendant would further show that he has a firm of attorneys, to wit, Howard & Cooke, composed of John B. Howard and Clay Cooke, practicing attorneys, who reside at Pecos, in Reeves county, Tex., and practice before the bar of this court in Barstow, retained by the year, and that the junior member of said firm usually gives his personal attention to this defendant's business, and that at this time the said junior member, Clay Cooke, is out of the jurisdiction of this court, and the said defend-

ant wired the said Cooke after he had been informed by his said attorney, Russell, in this cause that he would not need him, the said Cooke, here at this term, and that, if he had known that said cause would have been called on the date of the trial of same, he would have had the said Cooke here in person to represent him; that the senior member of said firm (Jno. B. Howard) has been away and is not familiar with any of his defenses, which are lengthy and tedious, and which he has never gone over with said Howard, but has gone over the same with the said Cooke, and he believes that when said defenses are properly presented to the court that they will be a perfect defense to this cause of action.

"(4) That he was not informed of the default judgment being taken against him until this a. m., about 10 o'clock, and the same was caused by no fault, negligence, or omissions upon the part of him the said J. J. Wheat, defendant, but he was relying wholly upon the statements of his said attorney, Russell, who advised him that said cause was continued for this term of the court, and, relying upon said information, he was not in attendance upon the court and knew nothing of said judgment until after the same had been rendered.

"(5) That the said judgment is erroneous in that it seeks to place a tax upon unimproved land for water purposes when there has never been a drop of water distributed by said district to said land, and they are not in a position nor are they able to distribute water to his said land.

"(6) That he is informed and believes that this tax is for the purpose of liquidating certain bonds which have been issued by plaintiff in a sum exceeding $650,000, and that your defendant is informed and believes that said district still has something in excess of $400,000 of said bonds in their possession unsold, and is seeking to levy a tax and collect interest for a sinking fund on such unsold bonds, which is illegal.

"(7) Your defendant further says that he believes the assessment and levy is illegal and exorbitant, and that he will be able, when he has his day in court, to properly submit his defense to all of these matters, and that he has a good, valid, and subsisting defense, and had such defense at the time of the rendition of the default judgment herein, and will properly present the same when he has had his day in court.

"Wherefore your defendant prays that this default judgment be set aside and held for naught, and that a new trial be granted herein, in order that this defendant may have his day in court so that justice in accordance with the law made and provided may be in all things had. J. J. Wheat, Defendant, in His Own Proper Person."

Appellant offered no evidence on any of the facts stated in the motion. The record discloses that some of the facts appearing in the motion and in the first two assignments were contested. An affidavit in opposition to the motion was filed. E. W. Sweatt, the clerk of the court, stated in the affidavit that he was at the judge's desk when the docket was being sounded; knew appellant, who was seated in the courtroom. Mr. Russell (appellant's counsel) announced to the court

that for certain reasons he could not represent appellant in the cause and had so informed him, but wished the court would pass the case along a few days so that Mr. Wheat could secure other counsel. There was nothing said in witness' hearing by any person about a continuance of the cause for the term. No objection was made to the hearing being deferred for a few days during the term.

In the sixth paragraph of the motion appellant says that he "is informed and believes that (of the $650,000 issued by the water improvement district) said district still has something in excess of $400,000 of said bonds in their possession unsold, and is seeking to levy a tax and collect interest for a sinking fund on such unsold bonds, which is illegal."

On the hearing of the case evidence was offered by appellee on the facts stated in the petition. In the evidence offered the following appears in the evidence of Jack Sweatt, a witness for the plaintiff.

"My name is Jack Sweatt. I was elected collector of Ward county water improvement district No. 2 in 1917. At that time there was levied an assessment or rather a tax levy for the payment of interest and a sinking fund on the bonds of the district. I have the minutes of the directors before me and in those minutes I find that on December 7, 1917, there was a tax levy assessed at the rate of 56 cents on a valuation of $3,405,918. The amount of that tax was just such an amount to be realized as would take care of such bonds as had been sold by the district and not for the unsold bonds. This was an uniform tax on all the lands of the district, and the lands described in Exhibit A of plaintiff's petition are in the district. In making the assessment of value of lands I pursued uniform rate and equal valuation of like lands throughout the district. The amount of the tax upon the land being sued upon for the year 1917 (comprising about 3,608 acres) was $1,535.52; interest $67.47; penalties, $153.32; costs $2.75—making the grand total of $1,759.26."

We need not further restate the evidence, as no issue is made on any feature of the case further than appears in the assignments arising on the overruling of the motion to set aside the judgment and for a new trial.

[1, 2] The rule is clearly established, and admitted in the assignments, that a party seeking the relief prayed for in this appeal must distinctly show, not only that he was prevented from presenting his defense at the proper time by some cause unmixed with negligence on his part, but that he has a good defense to the action brought against him, and his defense must be made to appear. It is not sufficient to say appellant has a just and good defense, but the defense suggested must be set out with such particularity that the trial court and this court may know of what the defense consists. As said by Judge Neill in El Paso & S. W. Ry. Co. v. Kelly, 83 S. W. 855, the specific facts, as contradistinguished from conclusions relied upon as a defense, must be stated in the motion.

[3] In paragraph 5 of the motion it is said the judgment is erroneous in that it seeks to place a tax upon unimproved lands for water purposes when water has never been and cannot be distributed to appellant's lands. Now, we might infer from the statement that the lands were unimproved, that no water had been distributed to the lands by the water improvement district, and that water for irrigation purposes could not be distributed to such lands, but the law under which the water improvement district is organized does not make the facts stated essential to the levy of the tax assessed against such lands. If the facts stated are true, the law under which the water improvement district was established provides a time for a full hearing, and, within that time, for the exclusion or withdrawal from the district of any nonirrigable lands, on the petition of the owner of such lands expressing a desire to have such lands excluded from the district. The law establishing the water improvement district provides that the board of directors shall have control over and management of such affairs of the district. It is not suggested in the motion that appellant at any time expressed a desire to the board of directors to have his lands excluded or withdrawn as a part of the lands comprising the district. It seems to us that after the time has passed in the organization of the water improvement district, when tax assessments have been made and bonds for the improvements contemplated have been issued and sold, it would be no defense to a delinquent tax suit to say that the lands were nonirrigable. The evidence quoted above clearly shows that, while the district has issued and unsold bonds in its possession, the tax levy ought to be collected is such an amount of tax as would take care of such bonds as had been sold, and not for unsold bonds, as suggested in the sixth paragraph of the motion. The motion does not present such statement of facts from which the trial court or this court could reasonably know that appellant could present such evidence of a material character as would likely change the result reached by the trial court, on another trial of the case.

[4] In the seventh paragraph of the motion appellant says "he believes the assessment and levy is illegal and exorbitant," but states no fact or facts as the basis or foundation of his belief, or from which the trial court or this court could reach any conclusion as to whether such tax levy was either illegal or exorbitant.

Both assignments are overruled.

[5] The third and last assignment claims error in overruling the motion on the ground that appellee "wholly failed to make the proof necessary to establish a prima facie case of taxes being due the district in the premises; the statute upon which this cause of action is based being a special statute, the same is strictly construed, and all actions of such district are necessary to follow

the special act creating it, strictly, the proof herein, as shown by the record, not being sufficient to establish that all requirements of the statute had been met in order to create, establish, and foreclose a lien upon this defendant's land." There is no suggestion in the assignment or proposition thereunder wherein the evidence is insufficient. A careful review of the evidence satisfies us that it is sufficient. We think we need not reproduce the evidence. It shows the lands to be in the water improvement district; that appellant, with codefendants, are the record owners; proper tax levy for the payment of interest and sinking fund on the district bonds sold; the valuation of lands in the district and tax rate; that the tax was uniform on lands in the district; the amount of the tax upon the land, interest, penalties, and costs, and the times when such tax levy was made and for what year; demand for the payment of the taxes and that no payment was made; and, so far as we have observed, the tax assessor and collector has fully complied with the law, and that all the steps taken leading up to and including the judgment in the case are regular and entirely sufficient.

Finding no reversible error, the case is affirmed.

### On Motion for Rehearing.

It is urged that there is no proper service upon the nonresident defendants.

[6, 7] The citation in delinquent tax suits would not be under article 1874, Vernon's Sayles', as suggested by appellant, but article 5107—46 of 1918 Supplement Vernon's Sayles' controls as to citation in this case. The cited article provides, "and shall be served with process * * * as provided by law for suits of like character," etc.— that is, suits for delinquent taxes. Now, article 7698, Vernon's Sayles' is the article providing for citation in suits against delinquents unknown or nonresident. There, if the owner is a nonresident of the state, he is cited by notice "directed to all persons owning or having or claiming any interest," etc., and the citation in this case follows the statute. It was held in Earnest v. Glaser, 32 Tex. Civ. App. 378, 74 S. W. 605, that notice directed to the sheriff or any constable instead of to all persons, as in the statute, was fatally defective. The citation in this character of suit, unlike citations in other suits under article 1874, need not state the file number of the suit (Unknown Owner v. State, 55 Tex. Civ. App. 300, 118 S. W. 803) nor date of filing suit (Kenson v. Gage, 34 Tex. Civ. App. 547, 79 S. W. 606).

The publications here need to be for only "one time a week for three consecutive weeks." Same article provides that—

"Whether any party or parties make defense or not on the trial of said case, the state and county * * * shall have a decree for the sale of said land or lot as in those cases where defendant owners have been personally served and defend suit; and a sale of said land or lot shall be had and be as binding as where defendants were personally served with process."

The nonresidents take no appeal, and neither they nor Wheat make objection as to the form of the judgment. The evidence of Jack Sweatt was sufficient to put the record, as evidenced by Exhibit A, before the court as evidence. There it is shown by the tax rolls that Wheat rendered the lands in his own name as owner, the amount, the year rendered, etc., and that tax remains due and unpaid. The law evidently contemplates that taxes must be promptly paid, and gives such suits right of way in the courts.

The motion is overruled.