## LEPP v. WARD COUNTY WATER IMPROVEMENT DIST. NO. 2 et al.
### (No. 1527.)

(Court of Civil Appeals of Texas. El Paso. Nov. 22, 1923. Rehearing Denied Jan. 17, 1924.)

**I. Judgment ⬤═273(1)—Court has no authority to set aside order setting aside void judgment and enter judgment nunc pro tunc.**

The court has no authority to set aside an order setting aside a judgment and to enter judgment nunc pro tunc where the original judgment was a nullity.

**2. Judgment ⬤═342(1)—No authority to set aside valid judgment one year after rendition.**

The court had no authority in June, 1921, to set aside on a motion for new trial a valid judgment rendered in June, 1920, though the judgment had not been entered of record.

**3. Appeal and error ⬤═875—Errors available on appeal brought after entry nunc pro tunc.**

Where there is a fatal defect in the original judgment which would render it a nullity, such defect is available upon appeal as a matter of error for its reversal on an appeal prosecuted within the statutory period after the entry of the judgment nunc pro tunc.

**4. Judgment ⬤═17(3)—Judgment invalidated by failure of citation to comply with statute.**

A judgment is invalidated where the citation on which the judgment is based does not comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 1874, providing for service upon nonresidents.

**5. Waters and water courses ⬤═231—Statute providing for citation of nonresidents applicable to suit for taxes and assessments.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 1874, providing for the citation of nonresidents, rather than Vernon's Ann. Civ. St. Supp. 1918, art. 5107—46, is applicable where the suit is brought not only for taxes, but also for assessments not properly classed as taxes.

**6. Waters and water courses ⬤═231—Judgment in tax proceedings invalidated where no evidence adduced upon trial.**

A judgment on service by publication in proceedings by a water improvement district for the collection of taxes held a nullity in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2175, 7698, where no evidence was adduced upon the trial, and it affirmatively appears that judgment was rendered by consent.

**7. Attorney and client ⬤═85—Appointed attorney has no authority to confess judgment for client where court has not acquired jurisdiction.**

Where the court has not acquired jurisdiction over the person of defendant, an attorney appointed by the court has no authority to waive any of his legal rights, he being appointed to defend and not to confess judgment.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by Ward County Water Improvement District No. 2, against Henry Lepp and others. Judgment for plaintiff, and named defendant appeals. Reversed and remanded.

John B. Howard and H. G. Russell, both of Pecos, for appellant.

Gaines & Gaines, of San Antonio, John H. Boogher, of Grandfalls, and Lee Monroe, of Topeka, Kan., for appellees.

HARPER, C. J. On November 13, 1919, Ward county water improvement district brought this suit in the district court of Ward county against J. J. Wheat, Henry Lepp, and others, to recover the sum of $1,730.14 alleged to be due for taxes, interest, penalties, and costs assessed against various tracts of land within the plaintiff's district, and for foreclosure of lien thereon. The plaintiff further sought recovery of about $1,800 alleged to be due by the defendants upon assessments made for maintenance and operation against said land and the defendants for the years 1917 and 1918. Wheat was personally served and filed an answer. The other defendants were nonresidents of the state, and service was sought by publication.

On June 8, 1920, an answer for the defendants other than Wheat was filed by an attorney appointed by the court to represent them. On June 8, 1920, judgment in favor of the plaintiff was rendered, but not entered upon the minutes of the court. On May 27, 1921, the plaintiff filed a motion for the entry of judgment nunc pro tunc. On June 13, 1921, Wheat filed a motion for new trial, which, upon the same day, was granted, and the cause continued to the next term. On January 2, 1923, Wheat filed an amended answer and cross-action. On January 17, 1923, the plaintiff filed a pleading attacking the validity of the order of June 13, 1921, granting the new trial, and asked that

the same·be set aside and the judgment of June 8, 1920, "be ordered reinstated and executed as provided by law." Thereupon, on January 17, 1923, the court set aside the said order of June 13, 1921, and entered judgment nunc pro tunc as of date June 8, 1920. The nunc pro tunc judgment as entered gave judgment in favor of the plaintiff against all defendants for the sum of $1,768.57, taxes, interest, penalties, and costs and foreclosure of the tax lien upon the land described in the petition. Judgment was further rendered against said defendants in the sum of $1,899.54 for assessments, interest, penalties, attorney's fees, and costs as prayed for in the petition. The entire judgment is in the form of a personal judgment against all of the defendants, and orders execution, except in the concluding paragraph it is stated:

"But no personal judgment is rendered against any defendant served by publication only and not by citation duly served upon them."

From this judgment Lepp appeals.

## Opinion.

It is contended by him that the judgment rendered against him June 8, 1920, was a nullity for various·reasons, and because of its complete nullity the order of June 13, 1921, setting the same aside, was valid, and the subsequent order of the court setting aside this latter order and entering judgment nunc pro tunc was invalid because rendered at a term subsequent to the order made on June 13, 1921.

[1] If the judgment of June 8, 1920, was a complete nullity, it may be that the order of June 13, 1921, was valid (Nunez v. McElroy [Tex. Civ. App.] 184 S. W. 531, and cases there cited), and if so the subsequent order in January, 1923, setting aside that order and entering judgment nunc pro tunc, was unauthorized and ineffective.

[2] But if the original judgment was not a nullity, then the court, in June, 1921, was without authority to set aside the judgment rendered in June, 1920, and this is true even though the judgment actually rendered had not been entered of record. Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 962.

[3] It is, however. unnecessary to determine whether the original judgment was void or to pass upon the validity of the subsequent orders; for, if there was a fatal defect in the original judgment which would render it a nullity, such defect upon this appeal is available as a matter of error for its reversal. This follows upon the established rule that an appeal may be prosecuted from a judgment rendered but not entered of record within the statutory period after the entry of the judgment nunc pro tunc.

Palmo v. Slayden & Co., 100 Tex. 13, 92 S. W. 796, which is the fact in the instant case.

[4, 5] It is next contended that the judgment is void because the citation did not comply with the statute in cases of service upon nonresidents (Vernon's Sayles' Ann. Civ. St. 1914, art. 1874), which appears to be the fact. Appellee replies that said article of the statute does not apply to tax suits, and that the article governing this action is article 5107—46, Vernon's Ann. Civ. St. Supp. 1918, as was held· in Wheat v. Ward County Water Improvement District No. 2 (Tex. Civ. App.) 217 S. W. 713, suit between the same parties for taxes for former years. The reply is that this suit is not for taxes only, but for assessments not properly classed as taxes, and, therefore article 1874 applies as to service upon nonresidents for such assessments.

[6] But there is another reason why the judgment entered must be set aside upon this appeal, even though this judgment for taxes might not be amenable to the criticism that the statute has not been complied with in the form of citation published. The statute regulating the trial provides (article 7698) that the trial shall be proceeded with as in other cases, that is, where defendants are cited by publication; and article 2175 provides that—

"No judgment by default shall be taken * * * but the facts entitling the plaintiff to judgment shall be exhibited to the court on the trial; and a statement of the facts shall be filed. * * *"

There is a statement of facts in this record, but it contains no record whatever of any evidence adduced upon the trial in June, 1920. This is fatal to the judgment. McLane v. Kirby & Smith, 54 Tex. Civ. App. 113, 116 S. W. 118. Upon the contrary, it affirmatively appears that the judgment originally rendered was by consent, as is evidenced by the following taken from the motion filed by plaintiff May 27, 1921, for the entry of the judgment nunc pro tunc and the one appealed from:

"Your petitioner further shows that said judgment was taken and entered by agreement and consent of all parties made in open court."

[7] The court had not acquired jurisdiction over the person of Lepp, appellant, so the attorney appointed by the court had no authority to waive any of his legal rights. He was appointed to defend, not to confess judgment.

The judgment is therefore reversed and remanded as to all parties; for, whilst Wheat has not appealed, the record discloses that the rights of all parties defendant are so inseparably connected that they cannot be protected without setting the judgment aside in its entirety.

Reversed and remanded.