**Ex parte Russell Edwin FIELD.**

No. 07–96–0083–CV.

*Court of Appeals of Texas,
Amarillo.*

April 5, 1996.

Law Office of William L. Rivers, Amarillo,
William L. Rivers, for Relator.

Sally Holt Emerson, Amarillo, for Real
Party in Interest.

Before REYNOLDS, C.J., and DODSON
and BOYD, JJ.

REYNOLDS, Chief Justice.

When relator Russell Edwin Field petitioned for his release from restraint imposed
by the trial court's 22 February 1996 order of
contempt for failure to pay court-ordered
child support and child care payments, we
granted the writ on 12 March 1996, provided
for his admission to bail, scheduled the petition for oral argument, and set a date for an
answer. Tex.R.App.P. 120. An answer was
not filed; but three days prior to the scheduled submission date, relator has moved to
dismiss his petition because, upon motion of
the real party in interest, Sally Ann Field,
the trial court signed an order on 29 March
1996, an uncertified copy of which accompanies the motion, releasing him from confinement under the contempt order. For the
reasons expressed, we overrule the motion to
dismiss, vacate the scheduled submission,
and order relator's release from restraint
under the void order of contempt.

At the time we granted the writ of
habeas corpus and provided for relator's release on bail, our jurisdiction over relator
attached to the exclusion of any other court,
including the committing court. Therefore,
the trial court was without jurisdiction to
issue the 29 March 1996 order and, resultantly, it is void. *Ex parte Barnett,* 600 S.W.2d
252, 256–57 (Tex.1980). The motion to dismiss the petition being founded upon an untenable ground, it must be, and it is, overruled; however, because the parties have
overtly manifested the intention to terminate
the proceeding without submission on oral
argument, the scheduled submission is vacated, and the petition is submitted upon the
record.

This is the second original proceeding by
which relator has sought his release from
confinement for contempt for failure to make
the court-ordered payments. Earlier, alleging relator was in arrears on the required
payments, the real party in interest filed, on
11 October 1994, her motion for enforcement
of a 13 July 1992 Oklahoma divorce decree,

registered in Texas, which required relator to pay regular child support and child care payments for their two minor children. After a 21 December 1994 hearing on the motion, the trial court signed an order on 4 January 1995, by which the court found relator in contempt for failure to comply with child support-care order, and ordered relator's commitment to the Potter County jail on 30 December 1994 until he paid the arrearages, costs, and real party in interest's attorney's fees.

Relator petitioned this Court for, and received, habeas corpus relief from the 4 January 1995 order. In our 21 August 1995 opinion, we explained that the contempt order was void because the exhibits establishing the date of each occasion when relator failed to make the required payments were not attached to the order as mandated by Texas Family Code Annotated section 157.166(b) (Vernon Pamph.1996). Ex parte Field, 07–95–0271–CV (Tex.App.—Amarillo August 21, 1995) (not designated for publication).

In the interim during the pendency of relator's habeas corpus petition, on 10 August 1995, the real party in interest filed in the trial court a motion for a nunc pro tunc judgment to correct the 4 January 1995 order by adding the omitted exhibits. At the submission of the petition on the oral argument, the real party in interest suggested we consider the correction. But, being bound by the record before us, we declined to speculate on the actions of the trial court on the motion for a nunc pro tunc order. *Id.* slip op. at 4. Thereafter, on 31 October 1995, the trial court signed an order to amend its 4 January 1995 order nunc pro tunc to include the previously omitted exhibits (the nunc pro tunc order).

On 21 February 1996, the trial court held a hearing on the real party in interest's second amended motion for enforcement of the child support-care order. By her motion, the real party in interest sought a court order holding relator in contempt for each failure to make a payment as ordered, and a judgment for all arrearages.

The hearing resulted in the court's 22 February 1996 order, in which the court recited that both relator and the real party in interest personally appeared with their respective attorneys, and submitted all matters of law and of fact to the court. Finding "that it did not have the authority in this hearing to hold [relator] in contempt for any violations of the [Oklahoma] child support order during the period beginning January 1, 1995 and ending February 21, 1996," but that "it did have the authority to enforce the above child support order by granting [the real party in interest] a cumulative money judgment for arrearages and ordering enforcement by income withholding," the court rendered a judgment for the arrearages and, inter alia, ordered that all current child support be withheld from relator's earnings.

Further, the court made and recited other findings, among which were the findings that

on October 31, 1995, it signed a Nunc Pro Tunc Order in this cause, which amended an Order for Enforcement and For Suspension of Commitment that Court had signed on January 4, 1995;

that

this Nunc Pro Tunc Order states in part as follows: "IT IS ADJUDGED that [relator] is in contempt for each separate violation enumerated above [in the 4 January 1995 order];"

that

[relator] still owed $7,513.82 for the total child support arrearage and reimbursement for child care expenses and $988.12 for the accrued interest on that total child support arrearage and reimbursement for child care expenses, referred to in paragraph 1 of the Nunc Pro Tunc Order quoted immediately above;

that

[relator] has not paid $66.00, as costs of the December 21, 1994 proceeding in this cause ... nor has he paid $750.00, as attorney's fees in December 21, 1994 proceeding in this cause ... as [relator] was ordered in above quoted portion of the Nunc Pro Tunc Order;

and that

[relator] has not purged himself of the civil contempt order contained in the Nunc Pro

Tunc Order signed by this Court in this cause on October 31, 1995 and ... is still in civil contempt of court.

Thereupon, the trial court ordered that relator "shall be confined in the county jail of Potter County, Texas on February 21, 1996, there to be held until" he pays the real party in interest "$7,513.82, as the total child support arrearage and reimbursement for child care expenses, with accrued postjudgment interest," and pays "$66.00 as costs of the December 21, 1995 proceeding in this cause," and pays "$750.00 as attorney's fees for the December 21, 1994 proceeding in this cause."

By his application, relator has presented five reasons why his restraint under the contempt order is illegal: (1, 2) the order is void, thus his restraint is a denial of due process of law; (3) the order was not entered sufficiently close to the time of the pronouncement of contempt to satisfy due process requirements; (4) he was confined without hearing, notice, or allegations of violation of the order for enforcement and for suspension of commitment; and (5) the order is void because relator does not have the present ability to obtain his release from custody by purging himself of contempt. Agreeing with relator that the 22 February 1996 contempt order is void, it is unnecessary to address the other reasons why he contends his restraint is illegal. Tex.R.App.P. 90(a).

■ Immediately obvious from the recorded proceedings is that the trial court attempted by its 31 October 1995 nunc pro tunc order to cure the invalidity of its 4 January 1995 order after we had held it void in our cause no. 07–95–0271–CV, and then, issued its 22 February 1996 order to hold relator in contempt for not complying with its 4 January 1995 order. The court was not authorized to do so.

■ An order nunc pro tunc necessarily presupposes an existing order upon which it operates. However, our earlier declaration that the 4 January 1995 order was void rendered that order nonexistent, *accord Starnes v. Chapman*, 793 S.W.2d 104, 106 (Tex. App.—Dallas 1990, no writ); and, resultantly, the nonexistent order could not be amended or corrected by a nunc pro tunc order. *King*

*v. Cash*, 174 S.W.2d 503, 504 (Tex.Civ.App.— Eastland 1943, no writ). Thus, the trial court's 31 October 1995 nunc pro tunc order was unauthorized and ineffective to resurrect the 4 January 1995 order. *Lepp v. Ward County Water Improvement Dist. No. 2*, 257 S.W. 916, 917 (Tex.Civ.App.—El Paso 1924, no writ). It follows that the court's 22 February 1996 order, by which relator was declared to be in contempt and was restrained for not complying with the void 4 January 1995 order, is itself void.

Accordingly, we order relator discharged from restraint of the 22 February 1996 order, and discharged from obligations of any bond he made to secure his release from custody pending this decision.